```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

PATRICIA COX,                    )
                                 )
    Plaintiff,                   )   Action No. 6:11-cv-319-JMH
                                 )
v.                               )
                                 )
MICHAEL J. ASTRUE,               )   **MEMORANDUM OPINION AND ORDER**
COMMISSIONER OF SOCIAL           )
SECURITY,                        )
                                 )
    Defendant.                   )
                                 )

              ** ** ** ** **

Patricia Cox appeals the Commissioner's decision denying her application for supplemental security and disability insurance benefits. *See* 42 U.S.C. § 405(g). This matter is before the Court upon the parties' cross-motions for summary judgment [DE 10, 11].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will grant Plaintiff Cox's motion, deny the Commissioner's motion, and remand this matter for reconsideration consistent with this opinion.

Administrative Law Judge (ALJ) Ronald M. Kayser conducted a hearing on Plaintiff Cox's application for benefits on August 23, 2010. [Administrative Record, hereinafter "AR" 27]. ALJ Kayser found that Cox had severe impairments including

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court. *See* LR 83.11(c).

degenerative disc/joint disease and scoliosis of the lumbar spine, chronic low back pain, degenerative disc/joint disease of the cervical spine, and right lower extremity radiculopathy. AR 14. The ALJ also found that while Cox could not perform her past relevant work, her impairments were not equivalent to any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. ALJ Kayser found that Cox was capable of performing a limited range of light work. In finding that Cox was not disabled, the ALJ relied upon the testimony of a vocational expert who opined, based on the ALJ's residual functional capacity (RFC) determination, that Cox could perform a significant number of jobs in the economy. The ALJ's opinion became the final decision of the Commissioner when the Appeals Council declined Cox's request for review.

We will affirm the Commissioner's decision if the decision is supported by substantial evidence in the record, 42 U.S.C. § 405(g); *Foster v. Halter,* 279 F.3d 348, 353 (6th Cir. 2001), and the ALJ employed the proper legal standards in reaching his conclusion. *See Landshaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir. 1986). When deciding whether there is substantial evidence to support the Commissioner's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

2

Cox argues that the ALJ erred by failing to give controlling weight to the opinion of her treating physician, Dr. David Bullock. When making eligibility determinations, ALJs are required to give a treating source's opinion controlling weight if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). If the ALJ declines to assign a treating source's opinion controlling weight, he must balance the following factors to determine what weight to give it: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)(citing 20 C.F.R. § 404.1527(c)). Notably, when treating source opinions are not given controlling weight, ALJs are required to describe the "good reasons" for the weight they are given. 20 C.F.R. § 404.1527(c)(2).

In ruling upon Cox's application, ALJ Kayser considered, but did not adopt, the February 2010 opinion provided by Cox's treating physician, Dr. Bullock. *See* AR 17. While the ALJ is clear that he did not accord Dr. Bullock's opinion controlling

3

weight, he does not indicate how much weight, if any, he did give to the opinion. In providing some rationale for his failure to give the opinion controlling weight, ALJ Kayser noted that Cox was present while Dr. Bullock drafted the opinion letter and that Dr. Bullock had relied mainly upon Cox's own statements regarding her functional abilities, despite Cox's hearing testimony that Dr. Bullock had her perform "tests" in his office. Further, the ALJ stated, Dr. Bullock did not specify which of Cox's medical records his opinion was based on. He concluded that Dr. Bullock was being "generous" in his restrictions and that he took "some liberty" with the interpretation of MRI studies. He also indicated that Dr. Bullock's opinion may have been based, at least in part, on sympathy for his patient. ALJ Kayser also found that Dr. Bullock's opinion "contrast[ed] sharply with the other evidence of record, which render[ed] it less persuastive." AR 17. He went on to state that "[t]he (somewhat non-specific) assessment of the consultative examining physician has been given probative weight to the extent it is commensurate with the residual functional capacity defined in Finding 5 [of the ALJ opinion]." AR 18.

    ALJ Kayser's analysis of Dr. Bullock's opinion evidence is deficient in a number of respects. The ALJ opinion does not reflect that, in rejecting Dr. Bullock's opinion, ALJ Kayser

4

engaged in the required balancing of factors to determine what weight the opinion should have been given. *See* 20 C.F.R. § 404.1527(c). While he found that Dr. Bullock's opinion "contrasts sharply with the other evidence of record," he did not point any specific portions of the record, other than to say that Dr. Bullock took "some liberty" with the interpretation of MRI studies. Good reasons are those that are "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406-07 (6th Cir. 2009). Further, ALJ Kayser did not assign a specific weight to Dr. Bullock's opinion. Failure to assign a specific weight to a treating source's medical opinion is, in itself, error. *See Cole v. Astrue,* 661 F.3d 931, 938 (6th Cir. 2011). ALJs are not free to disregard treating physicians' opinions entirely, simply because the opinion is not entitled to controlling weight. *Blakley,* 581 F.3d at 408.

In March 2009, Dr. Robert Hoskins performed a consultative examination of Plaintiff Cox. Dr. Hoskins opined as follows: "I expect moderate limitations for walking, especially with uneven ground and climbing stairs. I expect strong limitation for bending, lifting and carrying. No musculoskeletal dysfunctions were identified that clearly exclude some

5

ambulation, standing, handling, gross manipulations or traveling. No definite impairment was noted in regard to fine manipulations of the fingers. No musculoskeletal limitations were identified that clearly exclude all light carrying and lifting." AR 222-23. Dr. Hoskins added, "The assessment of the patient's ability to do work related activities is not exact. Collection of and correlation with other medical records and opinions is recommended." AR 223. ALJ Kayser gave "probative weight" to what he conceded was Dr. Hoskins's "somewhat non-specific" assessment. He provided no rationale for the amount of weight given to this opinion. Further, he did not specificy the amount of weight given to the opinion other than to say that it was given probative weight to the extent it correlated with the residual functional capacity determined by the ALJ. The fact that a consultative examining physician reaches a different conclusion than that of a treating physician is an insufficient reason for declining to give the treating physician's opinion controlling weight. *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009).

As the Sixth Circuit Court of Appeals has explained, "[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJs that do not comprehensively set forth the

6

reasons for the weight assigned to a treating physician's opinion." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 545 (6th Cir. 2004)(quoting *Halloran v. Barnhart,* 362 F.3d 28, 32-33(2d Cir. 2004)).

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that:

1) Plaintiff's motion, [DE 10], is **GRANTED**;

2) Defendant's motion, [DE 11], is **DENIED**;

3) the decision of the Commissioner is **REVERSED,** and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Opinion and Order.

This the 4th day of May, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

7